# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**HAMPDEN COAL, LLC,**
**Employer Below, Petitioner**

**FILED**

September 15, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0373** (BOR Appeal No. 2053642)
(Claim No. 2018014363)

**CASEY COLLEY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Hampden Coal, LLC, by Counsel Sean Harter, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Casey Colley, a self-represented litigant, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on March 21, 2018. The Office of Judges reversed the decision in its November 2, 2018, Order and held the claim compensable for lumbar sprain/strain and left shoulder sprain/strain. The Office of Judges remanded the claim to determine if temporary total disability benefits were appropriate. The Order was affirmed by the Board of Review on March 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Colley, a coal miner, injured his left shoulder and lower back on December 15, 2017, when he slipped and fell. December 18, 2017, treatment notes from Dickenson Medical Associates indicate he was seen for a follow-up from an emergency room visit. Mr. Colley reported that he fell at work the previous Friday and struck his back and left shoulder. He was treated in the emergency room where x-rays showed no fractures. Mr. Colley reported low back pain, bilateral hip pain, radiculopathy, and left shoulder/upper arm pain. The assessment was shoulder pain and lumbar radiculopathy. On January 2, 2018, Mr. Colley returned with worsening symptoms and was taken off of work. He underwent a left shoulder MRI which showed a partial thickness tear of

1

the supraspinatus tendon, two small cysts, and degenerative changes on January 18, 2018. A lumbar MRI showed mild degenerative disc disease. On February 2, 2018, Mr. Colley was referred to orthopedics and neurosurgery. He returned on March 12, 2018, with worsening shoulder and back pain. The assessment was hand/finger pain, lumbar radiculopathy, and high blood pressure. Mr. Colley reported left shoulder pain and back pain radiating into his legs on March 28, 2018. He stated that he had experienced back pain in the past but no radiation into the legs until his fall at work.

Mr. Colley has a long history of lower back and left shoulder problems. On December 3, 2009, a lumbar x-ray was performed for back pain with radiculopathy. There was no history of injury. The results showed degenerative changes and mild loss of disc height at T12 and L1. A left shoulder x-ray was performed for left shoulder pain with no trauma on March 31, 2010. The results showed degenerative joint disease of the acromioclavicular joint. On April 19, 2010, a left shoulder MRI was performed for left shoulder pain. The results showed bursitis, moderate peritendinopathy with no evidence of a full thickness tear, and cystic changes.

An April 15, 2015, treatment note from Dickenson Medical Associates indicates Mr. Colley reported bilateral shoulder pain for several years. He also reported increased pain in his left shoulder. He was diagnosed with rotator cuff tendinitis and a possible rotator cuff tear. A left shoulder MRI was performed on April 22, 2015, which showed edema and small cysts, consistent with a chronic injury, and a suspected chronic labral tear. Mr. Colley returned to Dickenson Medical Associates on April 29, 2015, and was diagnosed with left shoulder rotator cuff tendinitis. A lumbar x-ray showed mild degenerative changes on October 18, 2016. On October 13, 2017, a treatment note from Pikeville Medical Center indicated Mr. Colley reported left shoulder pain that started six months prior. He was diagnosed with bursitis. It was noted that a 2015 MRI showed degenerative changes with a possible labral tear. Mr. Colley returned to Dickenson Medical Associates on October 31, 2017, for a checkup. He was referred to orthopedics for shoulder pain.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation for the injury at issue on March 6, 2018. Dr. Mukkamala noted that Mr. Colley denied any prior back pain. Dr. Mukkamala opined that his complaints of left shoulder and lower back pain were the result of preexisting lumbar spondylosis and rotator cuff tendinosis and arthrosis. Dr. Mukkamala stated that the conditions were not related to the work injury. Dr. Mukkamala found no credible objective medical evidence that Mr. Colley was injured on December 15, 2017. He stated that the mechanism of injury was suggestive of a sprain or contusion to the low back and left shoulder, but that the conditions would have resolved within four weeks.

The claims administrator rejected the claim on March 21, 2018. Mr. Colley protested the claims administrator's decision. The Office of Judges reversed the decision in its November 2, 2018, Order, and held the claim compensable for lumbar sprain/strain and left shoulder sprain. The Office of Judges also remanded the claim to the claims administrator to determine if temporary total disability benefits were appropriate.

In its decision, the Office of Judges noted that Mr. Colley failed to introduce the Employees' and Physicians' Report of Injury into the record. Dr. Mukkamala stated in his

evaluation that he reviewed the form, which indicated Mr. Colley injured his left arm/shoulder, lower back, and legs on December 15, 2017. Dr. Mukkamala further stated that Mr. Colley was diagnosed with left shoulder sprain with L4-5 bulge by Logan Regional Medical Center Emergency Room the day he was injured. Those records were also not submitted to the Office of Judges. The Office of Judges found that while Mr. Colley denied any prior back problems to Dr. Mukkamala, there are extensive medical records which indicate otherwise. Mr. Colley has had low back pain since at least December of 2009, and various imaging studies showed the presence of pre-existing degenerative changes in the lumbar spine as well as in the left shoulder. The Office of Judges noted that he was examined on December 18, 2017, and diagnosed with lumbar radiculopathy and shoulder pain. A left shoulder MRI performed one month later showed degenerative changes. A lumbar MRI showed mild degenerative disc disease.

The Office of Judges concluded that a preponderance of the evidence indicates Mr. Colley sustained a lumbar sprain/strain and a left shoulder sprain as a result of his compensable injury. It remanded the claim for a determination of temporary total disability benefits. Hampden Coal, LLC appealed the decision of the Office of Judges to the Board of Review. On appeal, Hampden Coal, LLC argued that the Office of Judges committed obvious and reversible legal errors, which prejudiced the employer's substantial rights. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 22, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Although Mr. Colley has a long history of lower back and left shoulder problems that preexisted the compensable injury, the medical evidence indicates that he sustained a lumbar sprain/strain and left shoulder sprain/strain superimposed on preexisting degenerative conditions. The claim was properly remanded for the determination of temporary total disability benefits, if any, attributable to a lumbar sprain/strain and left shoulder sprain.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison